NO. 07-05-0319-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2006

_____

CAROLYN PACE, APPELLANT

V.

BAPTIST ST. ANTHONY'S HOSPITAL CORPORATION, D/B/A BAPTIST ST. ANTHONY'S HEALTH SYSTEM-BAPTIST CAMPUS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,563-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a jury trial, appellant Carolyn Pace appeals from a judgment that she take nothing against Baptist St. Anthony's Hospital Corporation, d/b/a Baptist St. Anthony's Health System-Baptist Campus, for personal injuries. By a single point of error, she contends the trial court erred in granting judgment and overruling her motion for new trial

because questions on cross-examination regarding a prior lawsuit constituted harmful error and resulted in the rendition of an improper verdict. We affirm.

In 1999, Pace was injured in an automobile collision. During the course of her treatment, Pace was referred to Baptist St. Anthony's for testing. While exiting the testing facility, Pace fell and fractured her right femur. She subsequently filed a premises liability action against Baptist St. Anthony's to recover personal injury damages. At the time of trial, Pace was also involved in another lawsuit for personal injury damages against the driver who collided with her automobile.

Prior to commencement of the trial, Pace presented a motion in limine seeking to exclude, among other things, the following:

13. Any mention Plaintiff was involved in other suits.
14. Any mention of Plaintiff's claims against other Defendants in other lawsuits.

At a hearing preceding voir dire, Pace maintained that under Rule 403 of the Rules of Evidence, testimony regarding the existence of the prior suit would cause unfair prejudice, confuse the issues, and mislead the jury. After considering arguments from both counsel, the trial court granted Pace's motion on the condition that the parties approach the bench as the information became relevant and necessary. The court concluded by noting "I am sure that leave will be granted to go into those areas."

Prior to cross-examining Pace, counsel for Baptist St. Anthony's approached the bench as instructed and both parties renewed their arguments with respect to the motion

in limine.  Balancing the nature of the testimony against the possibility of confusion, the trial court found evidence of Pace's involvement in another suit to be relevant and admissible. Counsel for Baptist St. Anthony's then proceeded to cross-examine Pace on the prior lawsuit.  Pace did not object to the questions asked by opposing counsel.

By her point of error, Pace alleges opposing counsel's questions were clearly calculated to inflame the jury and could not have been cured by an instruction to disregard. As such, she claims the questions constituted reversible error.  We disagree.

In order for us consider a point on appeal, the record must show the complaint was preserved by a timely request, objection, or motion and that a ruling was obtained from the trial court.  Tex. R. App. P. 33.1(a).  Here, however, Pace failed to object to the questions by opposing counsel.  A motion in limine does not preserve error concerning the improper admission of evidence.  Pool v. Ford Motor Co., 715 S.W.2d 629, 637 (Tex. 1986).  The complainant must still object when his opponent offers the evidence.  *Id.*  Otherwise, the trial court is denied the opportunity to make a curative instruction or ruling.  *Id.*  Because Pace's point of error was not preserved, it presents nothing for review and is overruled.

Accordingly, the trial court's judgment is affirmed.

> Don H. Reavis
> Justice